■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM GREENE, Appellant. [720 NYS2d 453] —Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered December 22, 1997, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years and 1 year, respectively, unanimously affirmed.

Upon realization that it had neglected to instruct the jury that it could request to see the exhibits, the court, after obtaining defendant's consent, properly directed a court officer to so instruct the jury. This simple communication with the jury was ministerial and devoid of substantive legal content, and thus did not constitute an improper delegation of judicial authority or a violation of defendant's right to be present (*see, People v Bonaparte,* 78 NY2d 26).

The court properly exercised its discretion in permitting defendant to comment in summation on the People's failure to call a "ghost" officer, while precluding him from inviting unwarranted speculation as to the testimony this officer might have given.

Defendant's contentions concerning the court's charge require preservation, and we decline to review these unpreserved claims in the interest of justice. Were we to review these claims, we would find that the court's charge, when viewed in its entirety, properly instructed the jury that the People had the burden of proving defendant's guilt beyond a reasonable doubt. Concur—Williams, J. P., Mazzarelli, Lerner, Rubin and Buckley, JJ.